

10 CIV 9489

JUDGE SULLIVAN

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW FOWLER, ARCHITECT<br><br>Plaintiff<br><br>v.<br><br>J. BRUCE FLATT, LEONTINE EBERS, FSI ARCHITECTURE PC, JAMES CICALO, CHARLES BURKHALTER CREATIVE SERVICES, and CHARLES BURKHALTER<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE COPYRIGHT MANAGEMENT INFORMATION AND, FALSE ADVERTISING, DESIGNATION OF ORIGINS AND DESCRIPTIONS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>ECF Case |

Plaintiff Matthew Fowler complains of and for claims against the above named Defendants, does hereby allege and state as follows.

### Nature of the Case

1. This is an action for damages and equitable relief arising under the Laws and Statutes of the United States. In this action Plaintiff, Matthew Fowler seeks to recover for willful deceptive and other acts resulting in copyright infringement in violation of The Architectural Works Copyright Protection Act of 1990 (AWCPA), physical misappropriation and conversion of

COMPLAINT                                                                                                                1

personal property in the form of instruments of service, unlawful preparation of derivative works, unlawful removal and alteration of digital copyright management information (DCMI), and false designation, descriptions, forbidden dilution, and false advertising.

## Jurisdiction and Venue

2. The Court has exclusive jurisdiction of the copyright infringement claims pursuant to the Copyright Laws and Statutes of the United States (e.g., 17 U.S.C. §§ 501, *et seq* and 28 U.S.C. §§ 1331 and 1338).

3. The amount in controversy, exclusive of interest and costs, is in excess of the sum of seventy-five thousand dollars ($75,000.00), the full and exact amount to be determined at trial.

4. This civil action is between citizens of different states and citizens or subjects of foreign states.

5. Venue is proper in this district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claims alleged herein either occurred within the Judicial District and a substantial part of property that is the subject of this action is situated in this Judicial District. Defendant corporation FSI Architecture PC (FSI) conducts business within this Judicial District.

## The Parties

6. Plaintiff Matthew Fowler is a licensed architect in the States of Florida and New York, practicing principally from the Lower Keys in Florida with ongoing projects in the United States and Italy and is the owner of the copyrighted architectural work and instruments of service made the subject of this action, see Certificate of Registration VAu 1-003-934 effective September 21, 2008 (Exhibit A).

7. Defendants J. Bruce Flatt and Leontine Ebers reside at 165 Duane Street, Apartments 3C and 3D, New York, NY 10013 and are Canadian citizens. J. Bruce Flatt, is a shareholder in Duane Park Lofts, Inc., a co-operative apartment building corporation with ownership of 165 Duane Street, New York, NY 10013, and has a specific shareholder interest and the proprietary lease for the two apartments there, 3C and 3D.

8. At all material times, Defendant Leontine Ebers acted on behalf of herself and her common law husband, J. Bruce Flatt, and was empowered to so act by J. Bruce Flatt, who is responsible, along with Leontine Ebers, for all acts and omissions of Leontine Ebers.

9. Defendant FSI Architecture PC is a limited liability company organized under the Laws of the State of New York with a principal place of business in this Judicial District at 307 Seventh Avenue, Suite 1001, New York, NY 10001.

10. Defendant James Cicalo is an Architect, one of the owners of FSI Architecture PC and a resident of the State of New York.

11. Upon information and belief, Charles Burkhalter provides interior design services as a sole proprietor under the DBA Charles Burkhalter Creative Services with a principal place of business in this Judicial District at 125 Watts Street, New York, NY 10013, and is a resident of the State of New York.

### The Agreement for Services

12. The infringement of the rights of architect Matthew Fowler to his architectural work and instruments of service, which are the subject of this action, involves work in combining and renovating Apartments 3C & 3D into a single unit at 165 Duane St. New York, NY. Under an agreement dated November 2, 2007, renovation services were to be provided for three phases of the project, **Schematic Design, Construction Documents, Bidding and Construction Observation** (Exhibit B).

13. The agreement also provided that instruments of service produced by Fowler were to be his property.

### Background and Statement of Relevant Facts

14. Beginning in 2007, Fowler worked diligently and closely with Flatt-Ebers on the project. The work involved completion of design studies, conceptual drawings, preliminary construction drawings, engagement/coordination of various subconsultants and subcontractors, including FSI who had a contract with Fowler for engineering services and Burkhalter who worked for Ebers.

15. By the summer of 2008, Fowler had prepared construction documents and specifications for review by the co-operative board, and other approving/permitting authorities and had assisted the pre-bid and bidding processes, undertaken bid evaluations and more.

16. In advancing the project, Fowler worked principally with J. Bruce Flatt's agent, Leontine Ebers, and the many consultants, contractors, and suppliers involved. None of the various phases or activities for these projects advanced without the expressed or implied approval of Ebers.

17. On August 11, 2008, Fowler, at the request of Ebers, terminated his contract for engineering services with FSI, and shortly thereafter Ebers placed the project on hold.

18. In mid-September 2008, there were multiple requests to Fowler by Ebers to provide FSI and Burkhalter with many of his renderings and drawings for further review in connection with filings.

19. On these several occasions in this August/September 2008 period, Fowler informs Burkhalter (Project Coordinator) that drawings are copyright material and not to be modified or used without consultation and appropriate permission.

20. By an email to Fowler, Ebers terminated the contract for Architectural Services for her convenience effective September 19, 2008.

21. Unknown to Fowler at the time, on September 22, 2008, FSI and Charles Burkhalter, upon instruction from and under contract with Ebers, begin by deception a process involving copying, modifying, physically misappropriating, and additionally deleting and/or changing various digital copyright management information to Fowler drawings, designs, and digital files began in support of Defendants Flatt's application to the co-operative board for permission to combine apartment units 3C and 3D (see FSI invoice dated 10/3/2008 Exhibit C).

22. Upon information and belief, J. Bruce Flatt, owner of the units thereafter, on Nov 4, 2008, authorized the resubmission under a signed application to the co-operative board with Fowler instruments, drawings and design attached which had by then been copied, digitally modified and denominated and stamped as FSI drawings.

23. During the week of October 13, 2008, being unaware of the conspiracy, Fowler reminded Burkhalter in a phone conversation that the drawings were copyrighted and not to be used without his permission. Burkhalter told Fowler in that conversation that the drawings were not being used. Having conspired with FSI and Burkhalter to copy and use Fowler's design and drawings, Ebers nonetheless in a letter to Fowler dated November 24, 2008 confirms that the drawings are not being used.

24. On November 4, pursuant to Flatt's instruction, FSI, promoting their business interest, submitted Fowler's design, drawings and digital files to the co-operative board and others in their name and with their copyright notice with no revisions other than graphic conventions and a few items which had been requested by the co-operative board after September 19, 2008.

25. After termination of Fowler's contract, Ebers, FSI and James Cicalo, Charles Burkhalter Creative Services and Charles Burkhalter, personally and knowingly, conspired to copy and unlawfully use Fowler's design and drawings for their own benefit while at the same time denying these activities to Fowler in the hopes he would never discover them.

26. Defendants Flatt and Ebers invoked termination for convenience in bad faith, to avoid paying Matthew Fowler under the contract for the 85% of the work completed and to prevent him from benefiting from finishing the contract work; thereafter, claiming that the drawings were not being used, while at the same time engaging with other Defendants in a pattern of deceit and a willful conspiracy of infringement, misappropriation and use of his work for their benefit.

### First Claim for Relief

(Infringement of United States Copyright Reg. No. VAu 1-003-934)

27. Plaintiff Matthew Fowler repeats and realleges allegations in Paragraphs 1 through 26 as if fully set forth herein.

28. This Claim For Relief is instituted against Defendants for willful acts with intent to deceive and other acts of infringment in violation of United States Copyright Registration No. VAu 1-003-934 and 17 U.S.C. §§ 501, *et seq*)

29. The works of Matthew Fowler protected by Copyright Registration No. VAu 1-003-934 are original works of authorship, fixed in various tangible mediums of expression, that

COMPLAINT                                                                                                       5

contain a substantial amount of material created by the skill, labor and judgment of Plaintiff Matthew Fowler.

30.   Plaintiff Matthew Fowler has complied in all respects with the Copyright Laws of the United States and received from the Register of Copyrights the certificate of registration for Copyright VAu 1-003-934.

31.   Defendants infringed Plaintiff Matthew Fowler's Copyright Registration No. VAu 1-003-934 by reproducing the works protected by the copyright registration and incorporating those works, or portions thereof, into one or more of the applications, drawings, renderings, digital files, or other documents used for their purposes and benefits by Defendants.

32.   Defendants continue infringing Plaintiff's intellectual assets' Copyright Registration No. VAu 1-003-934 by using the works protected by the copyright registration and by using the works for their purposes and benefits and actively seeking to conceal said fact.

33.   Defendants do not have permission or license from Plaintiff Matthew Fowler to use any portion of the work protected by Copyright Registration No. VAu 1-003-934 for applications, drawings, renderings, digital files, or other documents used for their purposes and benefits by Defendants.

34.   Defendants willfully conspired and knowingly induced and/or caused others to participate in and/or materially contribute to the infringement of Copyright Registration No. VAu 1-003-934.

35.   Defendants have derived and continue to derive economic benefit from the infringement of Copyright Registration No. VAu 1-003-934, of Matthew Fowler.

36.   With full knowledge of copyright rights of Matthew Fowler, Defendants' conduct is an intentional and willful infringement of Copyright Registration No. VAu 1-003-934.

37.   Defendants' conduct is causing, and will continue to cause, Plaintiff Matthew Fowler irreparable harm.

<u>Second Claim for Relief</u>

(False designation, descriptions, forbidden dilution, and false advertising)

COMPLAINT                                                                                              6

38. Plaintiff Matthew Fowler repeats and realleges allegations in Paragraphs 1 through 37 as if fully set forth herein.

39. This Claim For Relief is instituted against Defendants for willful and other acts committed with intent to deceive in violation of Title 15 of the U.S. Code §§ 1125 *et seq.* by the false designation of origin, misleading description of facts, false advertising and false and misleading representation placed on and within the architectural work and instruments of service of Matthew Fowler.

### Third Claim for Relief

(Alteration, removal and false Digital Copyright Management Information)

40. Plaintiff Matthew Fowler repeats and realleges allegations in Paragraphs 1 through 39 as if fully set forth herein.

41. This Claim For Relief is instituted against Defendants for willful acts committed in violation of Title 17 of the U.S.C. §§ 1202 *et seq.* and in which Defendants either committed, induced, enabled, facilitated or concealed infringment and/or the knowing distribution of false copyright managment information on Matthew Fowler's architectural work and instruments of service, the original information having been removed or altered and otherwise used without permission.

### PRAYERS FOR RELIEF

WHEREFORE, Matthew Fowler respectfully prays for the following:

1. Judgment in his favor on all claims for relief;

2. All damages allowed under U.S.C Titles 15 and 17 in amounts to be proved at trial;

3. Disgorgement of the profits that are attibutable to their infringement of the copyright and payment for any other benefits unjustly enjoyed by the Defendants.

4. Judgment that actions in connection with the Defendants' infringement of Plaintiffs' registered copyright was knowing and willful.

5. Statutory damages.

6. Attorneys' fees.

COMPLAINT 7

7. A preliminary and permanent injunction prohibiting Defendants and anyone acting in concert with them from copying or utilizing in any manner the architectural work and instruments of service and/or derivitive works and compelling the return of all the architectural work and instruments of service and/or derivitive works.

8. Costs.

9. Pre and Post Judgment Interest.

10. That the Court retain jurisdiction for further relief, including equitable relief as necessary;

11. Such other and further relief that the Court deems just and fair; and

12. Matthew Fowler request a trial by jury.

Dated: December 21, 2010.                     Respectfully submitted,

By: _____                    By: _____

FRANKLIN K. BRESELOR                          CARMINE J. CLEMENTE

BOND, SCHOENECK AND KING, PLLC                Attorney at Law, New York

Attorneys at Law, New York, Florida, Kansas   28428 Ranger Avenue

111 Washington Ave.                           Big Pine Key, Fl 33043

Albany, NY 12210-2211                         Telephone: 518-533-8808

Telephone: 518-533-3231                       Facsimile: 305-872-4615

Facsimile: 518-533-3290                       jclemen@attglobal.net

fbreselor@bsk.com

Attorneys for Plaintiff, Matthew Fowler, Architect

COMPLAINT                                                                                 8

## List of Exhibits

Exhibit A        US Copyright Office Certificate of Registration VAu 1-003-934

Exhibit B        Agreement for Schematic Design, Construction Documents, Bidding and Construction Observation in connection with combining and renovating Apartments 3C & 3D into a single unit at 165 Duane St. New York, NY. Dated November 2, 2007

Exhibit C        The first FSI Architecture, PC. invoice to Leontine Ebers which involved payment for work associated with copying drawings of Matthew Fowler.